IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00410-PAB-MEH

CRYSTAL SIERRA-GARCIA,

    Plaintiff,

v.

C/O HAWKS,
ROBBIE BOLTON (SOTMP),
PATRICIA MONTEZ (SOTMP),
RUDY BACA (CM), and
PATRICIA DURAN CM,

    Defendants.

---

# ORDER GRANTING MOTION TO STAY

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendants' Motion to Stay Discovery and Vacate Preliminary Scheduling Conference [filed September 16, 2011; docket #20]. The motion has been referred to this Court for disposition [docket #21]. Oral argument would not materially assist the Court in adjudicating this matter. For the reasons that follow, Defendants' Motion to Stay is **granted**.

**I.    Background**

Plaintiff instituted this action on February 17, 2011 and is proceeding *pro se*. In essence, Plaintiff alleges that Defendant Hawks sexually assaulted her twice and that the remaining Defendants demonstrated deliberate indifference to a serious risk of harm in violation of the Eighth Amendment after Plaintiff informed them that Defendant Hawks sexually assaulted her. *See* Complaint, docket #1, at 5-8. On September 16, 2011, the Defendants responded to the Complaint by filing a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), in which they assert the defense

of qualified immunity. *See* docket #19. Simultaneously with that motion, Defendants filed the present Motion to Stay Discovery, arguing that, "the district court should resolve the threshold question of qualified immunity before permitting discovery." *See* docket #20 at ¶ 5.

## II.     Discussion

The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'" *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *see also Ashcroft v. Iqbal,* -- U.S. --, 129 S. Ct. 1937, 1953 (2009) ("[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'") (citation omitted). Consequently, courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation. *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995); *see also Medina v. Cram,* 252 F.3d 1124, 1127-28 (10th Cir. 2001) (same).

In this case, Defendants have filed a motion to dismiss the claims raised in Plaintiff's Complaint alleging, among other defenses, that the individual Defendants enjoy qualified immunity from the Plaintiff's claims. The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). Because Defendants' Motion to Dismiss raises a legal question of this Court's jurisdiction over the subject matter of the dispute, the question should be resolved as early as possible in the litigation. *See Albright,* 51 F.3d at 1534. A grant of Defendants' motion would resolve the matter in its entirety. Consequently, the Court will grant a temporary stay of the proceedings in this matter pending the disposition of the Motion to Dismiss.

**III.    Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Stay Discovery and Vacate Preliminary Scheduling Conference [filed September 16, 2011; docket #20] is **granted**.  The proceedings of this case are hereby stayed pending the District Court's ruling on Defendants' Motion to Dismiss.  As such, the Scheduling Conference currently scheduled for October 6, 2011 is **vacated**.  The parties are directed to submit a status report to this Court within five days of the entry of any order adjudicating the pending Motion to Dismiss.

Dated at Denver, Colorado, this 19th day of September, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge