IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00410-PAB-MEH

CRYSTAL SIERRA-GARCIA,

    Plaintiff,

v.

C/O HAWKS,
ROBBIE BOLTON (SOTMP),
PATRICIA MONTEZ (SOTMP),
RUDY BACA (CM), and
PATRICIA DURAN (CM),

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failure to comply with court orders and failure to respond to this Court's Order to Show Cause for her failure to respond to Defendant's Motion to Dismiss despite this Court's order to do so. The Court recommends that, for the reasons stated herein, this case be **dismissed with prejudice**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar*

## BACKGROUND

Plaintiff, Crystal Sierra-Garcia, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Denver Women's Correctional Facility in Denver, Colorado. (Docket #1.) Plaintiff initiated this action *pro se* on February 17, 2011 pursuant to 42 U.S.C. §1983. (*Id.*) In her complaint, Plaintiff alleges she was sexually assaulted by Defendant Hawks, and that after reporting the assault, Defendants subjected her to harassment, discrimination and retaliation. (*Id.*)

In this litigation, the Plaintiff has a history of failing to comply with court orders. On April 20, 2011, during initial review, the court issued an order instructing the Plaintiff to file an Amended Complaint within thirty days, and to state how each named Defendant personally participated in the alleged constitutional violations. (Docket #7.) Plaintiff did not comply with the order but, nonetheless, was granted an extension of time within which to file an Amended Complaint on or before July 7, 2011. (Docket #8) Plaintiff failed to comply. (*Id.*) On July 14, 2011, the reviewing court dismissed Plaintiff's claims against Defendants Executive Director (Ari Zavaras), CWCF Medical and Mental Health, La Vista Medical and Mental Health and DWCF Medical and Mental Health for failing to state a claim. (*Id.*) Claims against the remaining Defendants were ordered to proceed. (*Id.*)

The remaining Defendants filed a Motion to Dismiss the Complaint pursuant to 12(b)(6) on September 16, 2011. (Docket # 19.) Defendants argue that Plaintiff failed to exhaust her administrative remedies, and that Defendants Bolton, Montez, Baca and Duran are entitled to qualified immunity for the claims brought against them. (*Id.*) This Court issued an order on

---

*Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

September 19, 2011 instructing the Plaintiff to file a response to the Motion to Dismiss on or before October 7, 2011. (Docket #22.) Plaintiff did not comply, but filed a motion on October 11, 2011 seeking an extension of time within which to file the response. (Docket #24.) The Court granted the 45-day extension of time and permitted the Plaintiff to file a response to the Motion to Dismiss on or before November 21, 2011. (Docket #26.) The Plaintiff failed to do so.

Consequently, this Court ordered Plaintiff to show cause on or before December 30, 2011 why this case should not be dismissed for her failure to prosecute the action. Docket #27. Plaintiff was advised that her failure to timely respond to the Order to Show Cause would result in this Court issuing a recommendation to dismiss the action for failure to prosecute. *Id.* The Plaintiff did not respond, but on January 4, 2012 filed a motion for extension of 120 days within which to respond and to file an amended complaint. Docket #28. The Court granted the motion in part allowing an extension to and including January 23, 2012. Docket #30. The Plaintiff failed to respond.

## **DISCUSSION**

Although Plaintiff is proceeding in this case without an attorney, she bears the responsibility of prosecuting this case with due diligence. By order of this Court, Plaintiff's response to the Motion to Dismiss in this matter was due to be filed on or before November 21, 2011. As noted previously, no response was filed by the Plaintiff. Additionally, there has been no further request for an extension of time in which to file a response to the Defendant's motion. Furthermore, the Plaintiff has failed to respond to the Court's order to show cause. Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002). However, a dismissal with prejudice is a more severe sanction and, generally, requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.,* 552 F.3d 1233, 1236 (10th Cir. 2009). The Tenth Circuit set forth a non-exhaustive list of factors a district court should consider when evaluating grounds for dismissal of an action with prejudice: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus,* 965 F.2d at 921).

Considering the first factor, the Court finds that Plaintiff's lack of cooperation and diligence in this case has caused the Defendant prejudice because it has been unable to proceed with its defense against Plaintiff's claims. Moreover, Plaintiff's lack of response to this Court's orders and her failure to participate has interfered with the judicial process in that the Court has been unable to proceed with the adjudication of this case. Additionally, the necessity in issuing an Order to Show Cause increases the workload of the Court and interferes with the administration of justice.

Furthermore, the Plaintiff has provided no justification for her failures to respond to Court orders and to participate in the litigation; her culpability is evident. Plaintiff was warned in the Order to Show Cause that the Court would recommend dismissal for her failure to prosecute; yet, she has made no response. Finally, the Court finds that no sanction less than dismissal with prejudice would be effective here. The Plaintiff has essentially abandoned this litigation; thus, no monetary sanction would be practical. The Court concludes that dismissal with prejudice is the appropriate result.

## **CONCLUSION**

The Plaintiff appears to have abandoned her claims in this matter. She has failed to prosecute the case with due diligence by her failure to participate in the litigation, failure to respond to this Court's order to show cause, and failure to respond to the Defendant's Motion to Dismiss or to properly request an extension of time to respond if she was unable to do so in a timely manner. For these reasons alone, dismissal of this action against the Defendant is warranted.

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), I respectfully RECOMMEND that the District Court dismiss this case with prejudice for Plaintiff's failure to prosecute this action, and deny Defendant's Motion to Dismiss Complaint [filed

September 16, 2011; docket #19] as moot.

Dated this 30th day of January, 2012, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge